I concur in the result reached by the majority as to Bayles's claim against Marriott, the principal. While the chair in question arguably was a "deficienc[y] in the school plant or grounds" within the meaning of the Monroe County School Policies, in my view, the independent, intervening use of that "deficiency" in a practical joke by the guidance counselor, King, was the proximate cause of Bayles's injury. Accordingly, any responsibility Marriott may have had for King's actions would result from her negligence in "exercising . . . her judgment in the administration of a department or agency of government," including "supervising personnel," and Marriott would be entitled to immunity for that reason. Ex parteButts, 775 So.2d 173, 177-78 (Ala. 2000).
In all other respects, I concur as to both the reasoning and the results expressed in the majority opinion.